UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-42 |
| | ) | (Phillips / Shirley) |
| BRETT EDWARD DIRR, and | ) | |
| RENEE DIRR, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on April 21, 2008 for further proceedings, including an Arraignment of Defendants Brett Edward Dirr and Renee Dirr. Defendants appeared before this Court on April 14, 2008 for an Initial Appearance. On April 14, 2008, the Court postponed Defendants' Arraignment to allow for Defendants to retain counsel, if they so desired. On April 21, 2008, all parties appeared before the Court as scheduled. Assistant United States Attorney Charles Atchley, Jr. ("AUSA Atchley") appeared on behalf of the government. Defendants Brett Dirr and Renee Dirr appeared on behalf of themselves.

At their Arraignment, the Dirrs advised the Court they wished to proceed *pro se* and were waiving their right to counsel. The government stated that while it recognizes the Dirrs have the right to proceed *pro se*, it was concerned with their lack of knowledge of courtroom decorum and the Federal Rules of Criminal Procedure and Evidence, as demonstrated during the Arraignment.

The Supreme Court has held that a criminal defendant has a constitutionally protected right

to present his own defense in addition to a constitutionally protected right to be represented by counsel. Faretta v. California, 422 U.S. 806, 833-34 (1975). By electing to exercise his constitutional right to present his own defense, a defendant necessarily waives his constitutional right to be represented by counsel. United States v. Mosley, 810 F.2d 93, 97 (6th Cir. 1987) ("The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other.") (internal quotation omitted). Defendants' waiver of counsel must be knowing and voluntary. Faretta, 422 U.S. at 835. The Sixth Circuit has adopted a series of questions from 1 *Bench Book for United States District Judges* 1.02-2 to -5 (3d ed. 1986) that a district court should ask in order to ensure that a defendant's waiver of counsel is knowing and intelligent. See United States v. McDowell, 814 F.2d 245, 247-50 (6th Cir. 1987). Substantial compliance with this series of questions is sufficient. United States v. Miller, 910 F.2d 1321, 1324 (6th Cir. 1990).

In order to fulfill its responsibilities under Faretta, the Court then conducted an inquiry with both Mr. Dirr and Ms. Dirr to determine if they were making a knowing and intelligent waiver of their right to counsel. Both Mr. and Ms. Dirr confirmed their wish to represent themselves. The Court explained to them that although their case would be tried together, they would each be responsible for their own representation. The Court confirmed Ms. Dirr understood she is not permitted to assist her husband in his representation nor is she allowed to receive assistance from her husband in her self-representation. Mr. Dirr also agreed that he understood he is not able to assist his wife nor receive assistance from his wife in his self-representation

The Court then asked whether either of the Dirrs had ever studied law. The Dirrs both responded that they have not formally studied law or attended law school, but Ms. Dirr informed the

Court she has represented herself in a child custody proceeding. The Court then reviewed the indictment with the Dirrs and described each count. After each count, Mr. and Ms. Dirr stated they understood the charges contained therein and understood the penalties they face if convicted of the crimes charged. Mr. Dirr also stated he understands that if convicted of multiple counts in the indictment, he could be sentenced to consecutive sentences. The Dirrs further stated that they understood that if they represent themselves, neither this Court nor the District Court can offer any assistance or advise to them on how to proceed in trying their case. The Dirrs stated they are not familiar with the Federal Rules of Criminal Procedure nor the Federal Rules of Evidence. The Court explained to the Dirrs these rules govern the way a criminal case is tried in federal court and will govern what evidence is introduced and admitted during their trial and that they will be required to abide by them. The Court then told the Dirrs that it is the Court's opinion that a trained lawyer would do a far better job of representing them than they will do for themselves. The Court advised the Dirrs, that in its opinion, they do not know as much about trying a federal criminal trial as they may believe they do, and that for the most part, defendants who proceeds pro se fare far worse than defendants who retain counsel. The Court strongly urged the Dirrs not to represent themselves in this case, but the Dirrs informed the Court that despite its advise, the penalties they face if convicted, and the difficulties they may encounter if they proceed *pro se*, they nonetheless desire to represent themselves. The Dirrs stated their decision to waive their right to counsel is made knowingly and voluntarily.

At the conclusion of the colloquy between the Court and the Dirrs, the Court found the Dirrs have knowingly and voluntarily waived their right to counsel. See Miller, 910 F.2d at 1324; McDowell, 814 F.2d at 247-50. Accordingly, the Dirrs are permitted to represent themselves and proceed *pro se* through the conclusion of this case.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge