IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-42 |
| | ) | (PHILLIPS/SHIRLEY) |
| BRETT EDWARD DIRR and | ) | |
| RENEE DIRR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 7, 2008 for a status conference and hearing on Mr. Dirr's Unopposed Motion for continuance of Trial [Doc. 45], filed on August 4, 2008. Assistant United States Attorneys Charles E. Atchley, Jr., and Frank M. Dale, Jr., appeared on behalf of the government. Attorney Alan S. Richey represented Mr. Dirr, and Mrs. Dirr represented herself. Both defendants were present.

In his motion, Mr. Dirr asks the Court to continue the August 26, 2008 trial date in order to allow his newly retained attorney the opportunity to review discovery and prepare for trial. The motion states that the government agrees with the need for the requested continuance. At the hearing, Mr. Richey affirmed his need for time to prepare for trial, having only recently come into the case. The government had no objection to the continuance. Both defendants did not object to the continuance, and both acknowledged that they understood their right to a speedy trial. The Court

set a new trial date of March 31, 2009. Both Mr. Dirr and the government agreed to this date. Mrs. Dirr noted that she did not have her calendar with her, but she believed the new trial date was agreeable. The Court found in light of the history of this case to date, the motions presently pending in this case, and the fact that Mrs. Dirr is proceeding *pro se*, the time between the August 4, 2008 hearing and the new trial date is both necessary and fully excludable.

The Court agrees with Mr. Dirr that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching August 26, 2008 trial date, the Court finds that the failure to grant a continuance would deprive the defendants of time to prepare for trial, especially with the Court recently granting Mr. Dirr's attorney's motion to appear *pro hac vice*. See 18 U.S.C. § 3161(h)(8)(B)(iv). Mr. Richey will need time to review discovery, to respond to the government's motions, and to decide whether he will file any motions on behalf of Mr. Dirr. Thereafter, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(F) & (J). Finally, the parties will need time to prepare for trial in light of any such rulings. The Court finds that all of this could not take place before the August 26, 2008 trial date or in less than eight months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Moreover, the Court notes with regard to Mrs. Dirr that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is

excludable to all codefendants.  <u>United States v. Holyfield</u>, 802 F.2d 846, 847-48 (6th Cir. 1986).

Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a

codefendant must be reasonable.  <u>Henderson v. United States</u>, 476 U.S. 321, 327 (1986).  In

assessing the reasonableness of delay attributed to codefendants, courts should be guided by the

policies supporting the enactment of section 3161(h)(7):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

<u>United States v. Monroe</u>, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).  In other words,

Congress expressly favored the goals of efficiency and economy resulting from multi-defendant

trials despite the loss of speed that would result from a severance.  <u>See</u> <u>id.</u>

In the present case, Mrs. Dirr stands indicted [Doc. 5] with Mr. Dirr, and no motion

for severance has been filed.  Accordingly, delay attibutable to Mr. Dirr is presently excludable as

to Mrs. Dirr as long as it is reasonable.  <u>See</u> 18 U.S.C. §  3161(h)(7); <u>see also</u> <u>United States v.</u>

<u>Snelling</u>, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants

before the defendant was severed from the case was also attributable to the defendant).  The Court

has already found that a continuance of the August 26, 2008 trial date was necessary to give defense

counsel for Mr. Dirr time to prepare for trial.  The Court finds that the eight-month delay in trial

attributable to Mr. Dirr is reasonable given the history  of the case, his attorney's need for time to

prepare, and the fact that Mrs. Dirr remains unrepresented.

Accordingly, Mr. Dirr's motion [**Doc. 45**] to continue the trial is **GRANTED**, and

the trial of this matter is reset to **March 31, 2009**. The Court also finds that all the time between the August 7, 2008 hearing and the new trial date of March 31, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), (h)(7), and (h)(8)(A)-(B). With regard to further scheduling, defense counsel for Mr. Dirr has until August 29, 2008, to respond to the government's pending motions [Docs. 21 & 29] and to file any motions on behalf of Mr. Dirr. The Court set a motion hearing for September 30, 2008, at 1:30 p.m., to hear any pending motions.

Finally, the Court notes that Mrs. Dirr continues to represent herself in this case. At the August 7 hearing, she stated that she was not waiving her right to be represented by counsel and was continuing to interview attorneys. She stated that she would not accept a court-appointed attorney. The Supreme Court has determined that "the Sixth Amendment right to the assistance of counsel embodies a "correlative right to dispense with a lawyer's help.'" Faretta v. California, 422 U.S. 806, 814 (1975) (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)). "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." Id. at 819 (observing that the right to self-representation is implied by the structure of the Sixth Amendment). Thus, the Supreme Court has held that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent. Id. at 835 (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)).

In order for the defendant "competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation." Id. The Sixth Circuit has identified a litany of questions, the substance of which must be asked of the defendant seeking self-representation to assure he or she is aware of the risks of representing

oneself.  United States v. McDowell, 814 F.2d 245, 250 (6th Cir. 1987) (setting out the litany in the appendix).  Thus, before a criminal defendant may represent him- or herself, the court must make this inquiry of the defendant and make an express finding that the waiver of counsel is knowing and voluntary.  Id.

At the August 7 hearing, the Court went over the McDowell inquiry again with Mrs. Dirr.  The Court again reviewed the charge against her, and the government informed her of the penalties she is facing.  The defendant stated that she understood the charge, the potential penalties, and that she would be required to abide by the Federal Rules of Evidence and the Federal Rules of Criminal Procedure in representing herself.  Mrs. Dirr confirmed that she understood that neither the Court nor Mr. Richey, her husband's attorney, could help her with her defense.   The Court once more strongly advised Mrs. Dirr that she would be better off if she were represented by counsel. The Court again finds that Mrs. Dirr is knowingly and voluntarily representing herself at this time.

Accordingly, it is ordered:

(1) Mr. Dirr's Unopposed Motion for Continuance of Trial [Doc. 45] is **GRANTED**;

(2)  The trial of this matter is reset to commence on **March 31, 2009**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3)  All time between the **August 7, 2008** hearing, and the new trial date of **March 31, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defense counsel for Mr. Dirr has through **August 29, 2008**, to respond to the government's pending motions and to file any motions on Mr. Dirr's behalf; and

(5) A motion hearing before the undersigned is set for **September 30, 2008, at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:


_____s/ C. Clifford Shirley, Jr._____
United States Magistrate Judge