IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )
                                   )
v.                                 )          No. 3:08-CR-42
                                   )          (PHILLIPS/SHIRLEY)
BRETT EDWARD DIRR, and             )
RENEE DIRR,                        )
                                   )
              Defendants.          )

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. This case is before the Court on the defendants' four motions to

dismiss the indictment [Docs. 50, 54, 57, and 62]. The parties appeared before the Court on October

29 and 30, 2008, for hearings on the pending motions. Assistant United States Attorneys Charles

E. Atchley, Jr, and Frank M. Dale, Jr., appeared on behalf of the government. Attorney Alan S.

Richey represented Mr. Dirr, who was also present. Mrs. Dirr represented herself. At the

conclusion of the parties' arguments, the Court took the motions[1] under advisement.

Both defendants are charged [Doc. 5] with conspiracy to defraud the government by

obstructing the collection of taxes from 2000 to 2008. Mr. Dirr is also charged with five counts of

---

[1]The Court also heard argument on the Defendants' Joint Motion to Suppress & Motion to
Compel the Return of Defendants' Documents [Doc. 55]. The Court has ordered a supplemental
hearing on this motion, which is in the process of being scheduled. The Court heard argument as
well on the non-dispositive motions [Docs. 21, 29, 51, and 53]. The Court will rule on these
motions by separate order.

1

tax evasion from 2001 to 2005 and five counts of failure to make an income tax return also from 2001 to 2005.  The Dirrs call for the dismissal of the indictment, contending that (1) the District Court for the Eastern District of Tennessee lacks jurisdiction, (2) the grand jury was improperly comprised of citizens from several Tennessee counties, and (3) the indictment fails to state a crime. Mrs. Dirr also argues that the statute of limitations has expired with regard to the conspiracy with which she is charged.  The government opposes the defendants' contentions.

## I.  ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V.

### A.  Jurisdiction

In her Motion to Dismiss [Doc. 50], Mrs. Dirr contends that the Court lacks subject matter jurisdiction over the crimes alleged in the indictment because they are not alleged to have occurred in two or more states.  Mr. Dirr joins [Doc. 54] in this motion. The government responds [Doc. 66] that 18 U.S.C. § 3231 vests the district courts with jurisdiction over all federal crimes. It also maintains that the Sixteenth Amendment to the United States Constitution grants Congress the power to create and administer a federal income tax.  It asserts that such authority includes the power to enforce the tax laws.  The defendants counter that 18 U.S.C. § 3231 is unconstitutional because it violates Article III, section 2, clause 3 of the United States Constitution, which directs that the trial of a crime shall be had in the state where it was committed.  They maintain that federal

2

courts have jurisdiction over federal crimes only when those crimes take place on federal property or in a federal zone, such as the District of Columbia.

Article III, section 1 provides in pertinent part that the "judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish." Section 2 explains that the "judicial power shall extend to all cases, in law and equity, arising under this constitution, [and] the laws of the United States[.]" U.S. Const. Art. III, § 2, cl.1. By statute, Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

In the present case, the defendants are charged [Doc. 5] with violating 18 U.S.C. § 371, which prohibits engaging in a conspiracy to commit an offense against the United States or to defraud the United States, and 26 U.S.C. §§ 7201 and 7303, violations of the federal income tax laws. The defendants are alleged to have engaged in these crimes in the Eastern District of Tennessee "and elsewhere." Thus, the District Court clearly has jurisdiction over the subject matter of the case because violations of federal law are alleged to have occurred in the Eastern District of Tennessee. See 18 U.S.C. § 3231.

The defendant's contention that the indictment fails to allege any state in which the offense occurred may be disposed of summarily. Count One [Doc. 5] alleges that the offense occurred "in the Eastern District of Tennessee and elsewhere." Tennessee is a state. The

3

defendants next argue that the Court lacks jurisdiction because the indictment fails to allege two or more states, as required to trigger Congress's power to regulate matters between the states. The essence of this argument is that federal district courts only have jurisdiction over crimes occurring in two or more states, on federal property, or in federal zones. Section 3231, quoted above, clearly belies this claim by granting to the district courts jurisdiction over all violations of federal law. Moreover, such jurisdiction is expressly "exclusive of the States," meaning only the federal district courts, not the state courts, have jurisdiction over violations of federal law.[2] Accordingly, the defendants' contention that a violation of federal law occurring in a single state can only be prosecuted by the courts of that state is simply wrong.

Finally,[3] the defendants maintain that if 18 U.S.C. § 3231 does, as the Court has determined above, grant the District Court jurisdiction over a violation of federal law occurring only in Tennessee, then it is unconstitutional because it violates Article III, section 2, clause 1. Article III, section 2, clause 1 provides as follows:

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

The defendants contend that this provision means that a state court must try the case unless it is not

---

[2]At the motion hearing, Mrs. Dirr argued that the second sentence of section 3231 revealed that the power to try federal crimes occurring in one state was reserved to that state. The provision in question reads as follows: "Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." The plain language of this provision states that the grant of jurisdiction over federal crimes to federal courts does not detract from a state court's jurisdiction over matters of state law.

[3]The Court will address the defendants' argument that the grand jury was improperly composed of members from different counties below.

4

committed within any state.

Congress's power to enact criminal laws is generally derived from the Commerce Clause, Art. I, § 8, cl. 3. See Perez v. U.S., 402 U.S. 146, 150-52 & 157 (1971). More specifically, though, in this case, Congress's power to create criminal laws to enforce the federal income tax laws is an extension of its power to assess taxes. See United States v. McMullen, 755 F.2d 65, 67 (6th Cir. 1984) (holding that with the power to tax, goes the "power to enforce the collection of such taxes"). The Sixteenth Amendment to the United States Constitution specifically grants to Congress the power to impose an income tax. The violation of federal income tax laws, thus, is a matter of federal law properly reserved to federal courts. Accordingly, the Court recommends that Mrs. Dirr's Motion to Dismiss [Doc. 50] be denied.

**B. Grand Jury**

In Renee Dirr's Third Motion to Dismiss [Doc. 62], she argues that Count One of the Indictment should be dismissed with prejudice because the indictment was returned by a grand jury comprised of citizens from several Tennessee counties rather than a single county. She asserts that the Fifth Amendment grants citizens the right to be indicted by a grand jury drawn according to state law and the Tenth Amendment reserves the right to a grand jury to the states and the people. She further contends that the Tennessee Constitution and a Tennessee statue require a grand jury of thirteen people drawn from the county in which the crime was committed. She concludes that because the grand jury in the instant case was comprised of more that thirteen people and was drawn from several counties the Indictment was obtained in violation of the Fifth and Tenth Amendments. Mrs. Dirr's arguments in support of this contention are an expansion of similar arguments advanced

in her Motion to Dismiss [Doc. 50] in which Mr. Dirr joined [Doc. 54] so the Court will consider these arguments as to both defendants.

The government responds [Doc. 68] that the defendant's motion is untimely because it was filed outside of the August 29, 2008 motion-filing deadline that the Court established [Doc. 48] for Mr. Dirr's new counsel. It also opposes the motion on its merits, asserting that the grand jury in this case was assembled in compliance with the Jury Selection and Service Act, 28 U.S.C. § 1861-78, and that the defendants have failed to state a basis for dismissal of the indictment.

The defendants reply [Doc. 76] that if the Jury Selection and Service Act permits a federal grand jury then it is unconstitutional because it violates Article III, section 2, clause 3, and the Fifth, Sixth, and Tenth Amendments of the United States Constitution.

With regard to the timing of the motion, the defendants argue that the Court should consider their motion because it can hear a motion that the Court lacks jurisdiction at any time, citing Rule 12(b), Fed. R. Crim. P. This rule provides that defects in an indictment must be raised before trial, except that claims that "an indictment . . . fails to invoke the court's jurisdiction or to state an offense" may be heard at any time. Fed. R. Crim. P. 12(b)(3)(B). Rule 12 also provides that a "party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline" for filing motions set by the court. Fed. R. Crim. P. 12(e). The rule permits the court to grant relief from this waiver provision for good cause. Id. In the present case, the Court questions whether the defendants' Third Motion to Dismiss actually qualifies as an exception listed in Rule 12(b)(3)(B). Nevertheless, Mrs. Dirr did raise the grand jury issue in her initial Motion to Dismiss, which questioned the Court's jurisdiction and was filed prior to the most recent motion-filing deadline. Accordingly, the Court will consider her expanded arguments in the instant motion.

6

By insisting that the Fifth Amendment refers only to a state grand jury and not a federal grand jury, the defendants have turned the law on its head. The Fifth Amendment guarantees that "(n)o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The United States Supreme Court has held that the Fifth Amendment guarantees an indictment for an infamous crime by a grand jury in federal prosecutions. Stirone v. United States, 361 U.S. 212, 215 (1960); see also Branzburg v. Hayes, 408 U.S. 665, 687 (observing that "[g]rand jury proceedings are constitutionally mandated for the institution of federal criminal prosecutions for capital or other serious crimes"). Although the states may also provide for a state grand jury for state crimes, "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment[.]" Id. at 688 n.25; Hurtado v. California, 110 U.S. 516, 535 (1884); Williams v. Haviland, 467 F.3d 527, 532-33 (6th Cir. 2006) (collecting cases). Accordingly, the defendants' motion [Doc. 62] to dismiss the indictment on this ground is without merit and should be denied.

## C.  Failure to State a Claim

The defendants' Joint Motion to Dismiss the Indictment [Doc. 54] requests the dismissal of the Indictment because it fails to charge a crime adequately. Specifically, they argue that the Indictment fails to set forth the necessary facts and law and to apprise them of the acts they committed to accomplish the crimes alleged. The government responds [Doc. 63] that the Indictment properly charges both the elements of the offenses as well as the facts sufficient to inform the defendants of their charges and protect against double jeopardy violations.

Generally, the "Indictment . . . must be a plain, concise, and definite written statement

of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c). It must (1) "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend," and (2) "enable[ the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. U.S., 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting Hamling, 418 U.S. at 117). The indictment may properly set forth the charge by using the statutory language so long as "'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). In addition to preserving the defendant's protection against double jeopardy, a complete statement of all the elements of the offense is necessary to assure that the grand jury found probable cause as to each element. United States v. Hart, 640 F.2d 856, 857 (6th Cir. 1981). The indictment's recitation of the elements of the offense must also "'be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)).

*(1) Count One–Conspiracy to Defraud*

The defendants argue that Count One of the Indictment is insufficient because it fails to allege whether they have engaged in a conspiracy to defraud (a "Klein conspiracy") or a conspiracy to commit an offense. They maintain that although at first blush, the Indictment seems to allege a conspiracy to defraud, because the allegations in Count One mirror and are incorporated into Counts Two through Eleven, the Indictment actually must allege a conspiracy to commit the

8

substantive offenses in Counts Two through Eleven. Thus, they conclude that its failure to set forth the specific offenses in Count One renders that count fatally defective. The government maintains that the Indictment properly alleges a conspiracy to defraud the United States under 18 U.S.C. § 371 because the conspiracy in this case was broader than the violation of any specific offense.

Count One of the Indictment alleges that

> From in or about 2000, the exact date being unknown to the Grand Jury, and continuing thereafter up to an including the date of this indictment, in the Eastern District of Tennessee and elsewhere,

> Brett Edward Dirr,
> Renee Dirr,

> defendants herein, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals, both known and unknown to the Grand Jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, federal income taxes of Brett Dirr.

It then proceeds to list the parties, persons, and entities involved, the manner and means by which the conspiracy was carried out, and the overt acts allegedly committed in furtherance of the conspiracy.

Section 371 provides as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. The defendants rely heavily on the Sixth Circuit's decision in <u>United States v.</u>

9

Minarik, 875 F.2d 1186 (6th Cir. 1989). There the court examined a conviction under section 371 and explained that the statute

> criminalize[s] two categories of conduct: conspiracies to commit offenses specifically defined elsewhere in the federal criminal code, and conspiracies to defraud the United States. The first category requires reference in the indictment to another criminal statute which defines the object of the conspiracy. The second category, the defraud clause, stands on its own without the need to refer to another statute which defines the crime.

Id. at 1186-87, 1193. In Minarik, the government variously advanced several different theories for the fraud alleged, eventually proving that the defendants defrauded the government by concealing assets from the IRS. The Sixth Circuit affirmed the district court's grant of judgment notwithstanding the verdict to the defendants because the government had proven an offense conspiracy while charging a conspiracy to defraud. Id. It reasoned that the two types of conspiracies in section 371, at lease with respect to the facts of that case, "are mutually exclusive, and the facts proved constitute only a conspiracy under the offense clause[.]" Moreover, in order to avoid "multiple convictions and unnecessary confusion," indictments must charge the offense conspiracy rather than the broader conspiracy to defraud, if a specific statute covering the overt act or acts exists. Id. at 1194.

The present defendants argue that the Indictment should have alleged an offense conspiracy under section 371 because the government is actually charging them with conspiring to violate 26 U.S.C. §§ 7201 and 7203, which are the statutes allegedly violated in Counts Two through Eleven. Accordingly, they contend that Count One fails to charge an element of the offense–the specific statutory provision that they are alleged to have conspired to commit, i.e., 26 U.S.C. §§ 7201 and 7203.

The government opposes this reasoning, arguing that the overt acts undertaken in furtherance of the conspiracy in this case are broader than any one statute. The Sixth Circuit in United States v. Sturman, distinguished Minarik's requirement that the Indictment charge an offense conspiracy if the underlying conduct violated a specific offense because in Sturman, the alleged conspiracy was "broader than a violation of a specific statute." 951 F.2d 1466, 1473 (6th Cir. 1991). The defendant in Sturman violated a "wide variety" of tax laws and took many steps to conceal assets. Id. As such, no single Tax Code provision could encompass the "totality and scope of the conspiracy," and only the more general conspiracy to defraud charge could apply to the defendant's entire course of conduct. Id. The Court agrees with the government that the same is true in the present case. The Indictment alleges that the defendants failed to file income tax returns, concealed assets, used a nominee company to cloak their ownership of assets, and purchased a Reliance Defense package to establish a defense to future tax prosecution. These actions cannot be subsumed within a single statutory violation. Finally, the Sturman court observed that the primary concern in Minarik was that the defendants could never understand the charges against them in order to prepare their defense because the government's theory kept changing. Id. at 1474. In the present case, the Indictment sets forth the charges as well as numerous specific overt acts. Thus, the present charges, like those in Sturman, do not appear to be subject to the same criticism as the charges in Minarik. Accordingly, the Court finds that the Indictment properly alleges a conspiracy to defraud under 18 U.S.C. § 371, rather than a conspiracy to commit a specific offense.

Mrs. Dirr also challenges the allegations in Count One in a separate motion [Doc. 57], contending in part that Count One fails to allege a conspiracy against her because she has not performed any taxable services. In this regard, she asserts that she is not an employee of her

husband and that the indictment does not allege that she ever had any tax liability. Mrs. Dirr contends that the indictment does not allege a conspiracy because it does not set forth what duty she had to report income that Mr. Dirr earned. She claims that <u>Minarik</u> requires that the indictment allege that she had a specific agreement to violate a specific provision of the Code. Otherwise, the indictment only charges a conspiracy of one. The government responds [Doc. 67] that this argument is without merit because the Indictment alleges that both defendants committed overt acts in furtherance of the conspiracy.

To the extent that Mrs. Dirr is arguing that Count One should have alleged a conspiracy to commit a specific offense, the Court has disposed of that contention above. Otherwise, Mrs. Dirr essentially argues that the government is not able to prove a conspiracy with regard to her. A defendant may challenge a defect in the indictment, such as its failure to state an offense, before trial. Fed. R. Crim. P. 12(b)(2). Claims that the allegations in the indictment are false or untrue, however, are not matters for the court to determine pretrial. <u>Universal Milk Bottle Service v. United States</u>, 188 F.2d 959, 962 (6th Cir. 1951). Such claims in a criminal case are matters reserved for the jury unless they are waived. <u>Id.</u>; <u>see</u> Fed. R. Crim. P. 12(b)(1) (only defenses or objections that can be determined "without a trial of the general issue" can be raised pretrial). In the present case, Mrs. Dirr argues that her transfer of her residence and vehicles to The Lotus Group cannot be an act in furtherance of the alleged conspiracy. This allegation is a "general issue" for the jury to determine in this case.

*(2) Counts Two through Six–Tax Evasion*

The Indictment charges Mr. Dirr with five counts of violating 26 U.S.C. § 7201,

which provides, in pertinent part, as follows: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony[.]" With respect to each of these counts, Mr. Dirr is charged with receiving a specified amount of taxable income in a certain calendar year for which he owned a specified income tax and with willfully attempting to evade and defeat that tax by failing to file a tax return, filing false W-4 forms with his employers, and concealing assets.

Mr. Dirr first faults the charges in Counts Two through Six because they fail to allege the nature of the charge, i.e., whether he is charged with evading the assessment of taxes or evading the payment of taxes. He contends that each of these five counts appears to allege both types of offenses, presumably so that the government can select which type of section 7201 violation it is later depending upon how the evidence comes out at trial. He argues that because the wording of the statute and case law present these as alternative offenses, he may not be charged with both. The government responds [Doc. 63] that section 7201 does not contain two separate crimes but, instead, presents two ways of committing a single crime of tax evasion, either by evading assessment or evading payment. In reply, the defendant denies that he is making an argument that the indictment is duplicitous but, instead, he asserts that he needs to know what type of evasion the government is alleging in order to have proper notice of the charges against him.

In evaluating what provisions are lesser included offenses of section 7201, the Supreme Court has reasoned that "[section] 7201 includes the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax." Sansone v. U.S., 380 U.S. 343, 354 (1965) Nevertheless, "when . . . an indictment closely tracks the wording of § 7201, there is "one crime" charged, "the evasion of

taxes," and that crime occurs when either the assessment or the payment of taxes owed is evaded."

United States v. Nolen, 472 F.3d 362, 377 (5th Cir. 2006) (quoting United States v. Masat, 896 F.2d

88, 91 (5th Cir. 1990)); but see United States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988) (citing

Sansone for the premise that "[s]ection 7201 defines two distinct crimes"); United States v. Dack,

747 F.2d 1172, 1174 (7th Cir. 1984) (same); United States v. Voorhies, 658 F.2d 710, 713 (9th Cir.

1981) (same).  Section 7201 defines but a single crime, that of tax evasion, and in charging the crime

of tax evasion, "it is of no moment that both assessment and payment might have been evaded."

Masat, 896 F.2d at 91 (holding that the indictment that directly tracked the wording of section 7201

was not duplicitous).  Notably, the courts that hold that section 7201 provides for two crimes state

that those two crimes have the same elements:  Hogan, 861 F.2d at 315; Voorhies, 658 F.2d at 713;

see also Dack, 747 F.2d at 1174.  The Sixth Circuit has apparently not weighed in on this issue with

respect to section 7201.  It has held that allegations of multiple theories of liability or multiple

factual scenarios to prove a single count does not automatically make that count duplicitous.  United

States v. Washington, 127 F.3d 510, 513 (6th Cir. 1997) (indictment alleging distribution and

possession with intent to distribute crack cocaine not duplicitous), cert. denied, 524 U.S. 940 (1998).

  In any event, the defendant asserts [Doc. 72] that he is not attacking Counts Two

through Six on the basis that they are duplicitous but because the counts as charged fail to apprise

him fairly of the charges he faces.  The Court notes that such a distinction may simply present two

sides of the same coin.  See United States v. Adesida, 129 F.3d 846, 849 (6th Cir. 1997) (observing

that a duplicitous count may not provide the defendant proper notice of the charges against him).

Nevertheless, the Court fails to see how the defendant is prejudiced by the government's failure to

allege either evasion by assessment or evasion by payment, if the elements of both versions of tax

evasion are the same and if the government properly alleged all of those elements. The proper allegation of the elements of 7201 should give the defendant notice of the charges without the government specifying whether it is proceeding on an assessment theory, a payment theory, or both. Accordingly, this brings us to Mr. Dirr's second argument with regard to Counts Two through Five: The indictment fails to allege all of the elements of a violation of 26 U.S.C. § 7201.

The elements of section 7201 are (1) willfulness, (2) "the existence of a tax deficiency," and (3) "an affirmative act constituting an evasion or attempted evasion of the tax[.]" Sansone v. U.S., 380 U.S. 343, 351 (1965); United States v. Daniel, 956 F.2d 540, 542 (6th Cir. 1992). The Court will examine the defendant's contentions with regard to each of the elements in turn.

*(a) willfulness*

The defendant claims that the Indictment fails to allege the willfulness element sufficiently because it does not name the statute or law that required him to make an income tax return, does not allege that he was aware of the statute that he is charged with violating, and does not set out that he violated that statute voluntarily and intentionally. He maintains that willfulness has a specific meaning in tax cases because of the complexity of the tax laws. Accordingly, he argues that the generic allegation of the term "willfully" is constitutionally insufficient. The government responds that the counts in question allege the defendant's willfulness by stating that the defendant was "well-knowing and believing" with respect to his tax deficiency and that he "did willfully attempt to defeat or evade" his income tax.

Generally, ignorance or mistake of law provides no excuse for its violation. See

<u>Cheek v. U.S.</u>, 498 U.S. 192, 199 (1991). Congress has lightened the burden of this common-law presumption that everyone knows the law "by making specific intent to violate the law an element of certain federal criminal tax offenses," due in large part to the complexity of the tax laws. <u>Id.</u> at 200. Accordingly, "the standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'" <u>Id.</u> at 201. The present defendant correctly notes that "[w]illfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." <u>Id.</u> Although the defendant is correct regarding what the components of willfulness are, the *element* of willfulness has already been found by the grand jury and alleged in the Indictment. The individual components of willfulness do not have to be set out in the indictment. In listing the components of willfulness, the Supreme Court in <u>Cheek</u> was speaking in terms of what the government had to prove at trial, specifically what it had to show to overcome a defense of a defendant's good-faith belief that his or her actions did not violate the tax laws. <u>Id.</u> at 202. While the government will have to prove these component's of the defendant's *mens rea* at trial, it is not required to allege them in the indictment, which is suppose to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

In Counts Two through Six, Mr. Dirr is charged with receiving a specified amount of taxable income in a certain calendar year for which he owned a specified income tax and, while knowing and believing the foregoing facts to be true, willfully attempting to evade and defeat that tax by failing to file a tax return, filing false W-4 forms with his employers, and concealing assets. Thus, the Counts allege that the defendant knew he owed certain amounts of income tax and, while in possession of that knowledge, he chose to ("willfully") attempt to evade and defeat that tax in

certain ways.  Accordingly, the Court finds that the defendant is apprised of the facts by which he is alleged to have voluntarily and intentionally violated a known legal duty.

With regard to the defendant's argument that the Indictment is insufficient for failing to allege the specific statute that required him to make a tax return, the Sixth Circuit has held that the government was not required to identify the specific statute that the defendant was alleged to have violated when charged with tax evasion by failing to file tax returns.  United States v. Spine, 945 F.2d 143, 149 (6th Cir. 1991).  The Spine court noted that the government had proven that the defendant committed specific acts of evasion (such as failing to file a tax return and concealing assets), which satisfied the essential elements of tax evasion.  Id.  Accordingly, the Court finds that Counts Two through Six do fully apprise the defendant of the element of willfulness under section 7201.

The defendant makes this same argument with regard to the element of willfulness in Counts Seven through Eleven, which charge the failure to file a tax return under 26 U.S.C. § 7203.  These counts each allege that the defendant "well-knowing and believing" the specific allegations of the amount of his gross income and the fact that he was legally required to file an income tax return at a certain place by a certain date, "did willfully fail to make said income tax return[.]" The Court finds that the reasoning set forth with regard to the willfulness element for Counts Two through Six applies equally with regard to Counts Seven through Eleven.

*(b) tax deficiency*

The defendant argues that Counts Two through Six of the Indictment fail to allege the existence of a tax deficiency, which is an essential element of a violation of section 7201.  He

17

maintains that each count's allegation of an approximate amount of taxable income followed by an approximate amount of income tax does not allege a tax deficiency within the meaning of the tax code. Instead, he asserts that a deficiency is defined as the amount by which the tax imposed under the code exceeds the amount the taxpayer shows he owes on his return. See 26 U.S.C. § 6211. In essence, he argues that there can be no tax deficiency in the absence of a tax return or that a tax does not exist in the absence of an assessment.

In United States v. Daniel, the court addressed the defendant's argument under section 7201 that because there had been no assessment of taxes owed and demand for payment, no tax deficiency existed. 956 F.2d 540, 543 (6th Cir. 1992). The court rejected this argument, holding that "when a taxpayer fails to file a federal income tax return and the government can show a tax liability pursuant to the tax code, a tax deficiency within the meaning of section 7201 arises by operation of law on the date that the return is due to be filed." Id. An assessment of taxes and demand for payment is not required to trigger a tax deficiency. Id. Accordingly, the Court finds that the statements in the indictment alleging that the defendant earned a certain amount of taxable income in a given year, that a certain amount of income tax was due on that income, and that he failed to pay the tax is sufficient to apprise him of the tax deficiency in each of the counts.

*(c) affirmative act of evasion*

Finally, the defendant argues that Counts Two through Six fail to allege an affirmative act of evasion. He contends that the allegations that he failed to file a tax return and failed to pay income tax are omissions rather than affirmative acts. He asserts that some affirmative act must be alleged in addition to these omissions in order to prove the felony in section 7201, rather

18

than a misdemeanor under section 7203. The government responds that each of the counts allege that the defendant filed "false Forms W-4 with employers to exempt himself from the withholding of taxes," which is an affirmative act of tax evasion. Moreover, the government dismisses the defendant's contention that this allegation is vague because the Indictment does not reveal what about the forms was false. In this regard, the government points out that W-4 forms require only the taxpayer's identifying information and the number of allowances the taxpayer will claim or, alternatively, his exempt status.

The Court finds the defendant's argument that Counts Two through Six fail to allege an affirmative act of tax evasion to be spurious. The defendant himself notes the Counts allege the affirmative act of filing false Forms W-4. The counts also allege that the defendant concealed assets. More specific information about the assets the defendant is alleged to have concealed and how he allegedly concealed them is provided in Count One. The defendant's request for "clarification" of the allegation that he filed false Forms W-4 seeks to know the government's evidence against him rather than to clarify the charges.

For the reasons discussed fully above, the Court recommends that the Joint Motion to Dismiss the Indictment [Doc. 54] be denied.

**D.  Statute of Limitations**

In her Motion to Dismiss for Failure to Allege Conspiracy in Count I and Alternatively for Violation of Statute of Limitations [Doc. 57], Mrs. Dirr also argues that the indictment should be dismissed because all but two dates alleged therein fall outside of the five-year statute of limitations that applies in this case. The government responds [Doc. 67] that a six-year

statute of limitations applies to tax fraud conspiracies and that the overt acts alleged in the indictment fall within that period. It argues that the six-year period within which a prosecution must commence begins with the last overt act in furtherance of the conspiracy committed by any of the coconspirators. Finally, it notes that Mrs. Dirr has admitted that two overt acts fall within the statute of limitations even as she calculates it.

The statute of limitations within which a noncapital offense must be prosecuted is five years after the commission of the offense. 18 U.S.C. § 3282. With respect to offenses arising under the Internal Revenue Code, Congress has provided, in pertinent part, as follows:

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be **6 years**–
>
> . . . .
>
> (1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner;
>
> . . . . and
>
> (8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

26 U.S.C. § 6531(1), -(8) (emphasis added). Mrs. Dirr is charged in Count One of the Indictment with a violation of 18 U.S.C. § 371, namely conspiring with Mr. Dirr and others "to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service . . . in the ascertainment, computation, assessment, and collection of the revenue: to wit, federal income tax of Brett Dirr." The Court finds

20

that this offense falls squarely within 26 U.S.C. § 6531(8) and that a six-year statute of limitations applies. See United States v. Fruehauf Corp., 577 F.2d 1038, 1070 (6th Cir. 1978) (holding that the "applicable statute of limitations to the conspiracy to attempt to evade or defeat the payment of taxes in violation of 26 U.S.C. § 7201 is the six-year period stated for 26 U.S.C. § 6531(8)).

Count One of the Indictment alleges that the conspiracy began in 2000 and runs through April 1, 2008. Mrs. Dirr argues that the bulk of the overt acts listed in Count One fall outside of the limitations period. As a general rule, "the date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock for purposes of the five-year statute of limitations." United States v. Smith, 197 F.3d 225, 228 (6th Cir. 1999). In other words, only the last overt act in furtherance of the conspiracy must come within the five-year period.

The fact pattern in Smith well illustrates this point. In Smith, the defendants were charged with conspiracy to defraud insurance companies from February 1989 to May 8, 1992. Id. at 227. The indictment listed a number of staged accidents as overt acts, the last of which occurred on January 17, 1992. Id. Counts two through five of the indictment listed substantive mail and wire fraud violations and listed continuing communications with insurance companies until May 8, 1992. Id. The defendants argued that the indictment must be dismissed because the last staged accident occurred on January 17, 1992, more than five years before the indictment was returned on February 4, 1997. The Sixth Circuit held that because the last overt act–the communications with insurance companies–occurred on May 8, 1992, the indictment "was filed approximately four months within the five-year limitations period." Id. It concluded that a reading of the indictment as a whole gave notice that the conspiracy lasted until May 8, 1992. Id. at 228.

In the present case, the government alleges that the last overt act in furtherance of the

21

instant alleged conspiracy was Mr. Dirr's filing of an "exempt" form with his employer Aerotek on February 22, 2006. This is well within the six-year limitations period. Moreover, the Court would note that six of the overt acts in which Mrs. Dirr is specifically named occurred within the limitations period, to wit: (1) the purchase of a Reliance Defense Package on September 12, 2002; (2) the filing of a Declaration of State Citizenship in Blount County in December 2002; (3) the filing of affidavits regarding her citizenship on December 22, 2002; (4) the transfer of her residence to The Lotus Group on December 31, 2002, (5) the transfer of a 1998 Chevrolet S-10 to The Lotus Group on August 7, 2003; and (6) the transfer of a 2000 Chevrolet Blazer to The Lotus Group on August 7, 2003. The defendant challenges whether some of these acts constitute overt acts in furtherance of the conspiracy. The Court has determined as a legal matter that the acts alleged by the government occur within the statute of limitations. Whether the government can prove that the specific overt acts alleged in the indictment occurred and were in furtherance of the conspiracy is a matter for the jury at trial.

For the reasons discussed above, the Court recommends that Mrs. Dirr's Motion to Dismiss for Failure to Allege Conspiracy in Count I and Alternatively for Violation of Statute of Limitations [Doc. 57] be denied.

## II. CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that defendant's motions to dismiss the indictment [**Docs. 50, 54, 57, and 62** ] be **DENIED**.[4]

Respectfully submitted,

_s/ C. Clifford Shirley, Jr._
United States Magistrate Judge

---

[4]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).