UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:08-CR-42 |
| ) | (Phillips) |
| BRETT EDWARD DIRR, AND ) | |
| RENEE DIRR ) | |

## MEMORANDUM AND ORDER

On November 26, 2008, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed an 23-page Report and Recommendation (R&R) [Doc. 81] in which he recommended that defendants' motions to dismiss the indictment in this case [Docs. 50, 54, 57, 62] be denied.

This matter is presently before the court on defendants' timely objections to the R&R [Docs. 84, 85, 89]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendants object. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues set forth in defendants' motions. Consequently, defendants' objections will be overruled, the R&R will be accepted in whole, and the underlying motions to dismiss the indictment will be denied.

Both defendants are charged with conspiracy to defraud the government by obstructing the collection of taxes from 2000 to 2008. Brett Dirr is also charged with five counts of tax evasion from 2001 to 2005 and five counts of failure to make an income tax return, also from 2001 to 2005.

Defendants argue that this court lacks subject matter jurisdiction over the crimes alleged in the indictment. As pointed out by the government, 18 U.S.C. § 3231 vests the district courts with jurisdiction over all federal crimes. In addition, the Sixteenth Amendment to the United States Constitution grants Congress the power to create and administer a federal income tax. This authority includes the power to enforce the tax laws. Defendants are charged with violating 18 U.S.C. § 371, which prohibits engaging in a conspiracy to commit an offense against the United States or to defraud the United States; and with violating 26 U.S.C. §§ 7201 and 7303 of the federal income tax laws. The indictment alleges that the defendants engaged in these crimes in the Eastern District of Tennessee "and elsewhere." Therefore, pursuant to 18 U.S.C. § 3231, this court has jurisdiction over the subject matter of the case because the violations of federal law are alleged to have occurred in the Eastern District of Tennessee.

Next, defendants argue that Count One of the Indictment should be dismissed because the indictment was returned by a grand jury comprised of citizens from several Tennessee counties rather than a single county. The composition of grand juries in federal cases is governed by the Jury Selection and Service Act, 28 U.S.C. §§ 1861-1878.

-2-

Pursuant to § 1861, "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." The record shows that the grand jury in this case was assembled in compliance with the Jury Selection and Service Act. Therefore, defendants' motion to dismiss the indictment on this ground is without merit.

Next, defendants argue that the indictment fails to set forth the necessary facts and law to apprise them of the acts they committed to accomplish the crimes alleged. Count One of the indictment alleges a conspiracy to defraud the government in violation of 18 U.S.C. § 371; that the defendants failed to file income tax returns, concealed assets, used a nominee company to cloak their ownership of assets, and purchased a Reliance Defense package to establish a defense to future tax prosecution. Counts Two through Six of the indictment charge Brett Dirr with violations of 26 U.S.C. § 7201 by receiving a specified amount of taxable income in a certain calendar year for which he owed a specified income tax and with willfully attempting to evade and defeat that tax by failing to file a tax return, filing false W-4 forms with his employers, and concealing assets. The indictment sets forth the charges as well as the specific overt acts alleged to have been committed by defendants. Therefore, the court finds that the defendants have been given proper notice of the charges against them.

Last, defendants argue that Count One of the indictment should be dismissed because all but two dates alleged therein fall outside of the five-year statute of limitations

that applies in this case. Contrary to defendants' argument, a six-year statute of limitations applies to tax fraud conspiracies. *See* 26 U.S.C. § 6531(8). The defendants are charged in Count One with conspiring "to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful Government functions of the Internal Revenue Service . . . in the assessment, computation, assessment, and collection of the revenue: to wit, federal income tax of Brett Dirr." Count One alleges that the conspiracy began in 2000 and runs through April 1, 2008. "The date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock for the purposes of the . . . statute of limitations." *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999). Only the last overt act in furtherance of the conspiracy must come within the statutory period. In this case, the government alleges that the last overt act in furtherance of the conspiracy was Mr. Dirr's filing of an "exempt" form with this employer Aerotek on February 22, 2006, well within the six-year limitations period.

For the foregoing reasons, as well as the reasons articulated by Judge Shirley in his R&R, defendants' objections to the R&R [Docs . 84, 85, 89] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 81] is **ACCEPTED IN WHOLE.** Accordingly, defendants' motions to dismiss the indictment [Docs. 50, 54, 57, 62] are **DENIED.**

**ENTER:**

        s/ Thomas W. Phillips
United States District Judge