IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-42 |
| | ) | |
| BRETT EDWARD DIRR, and | ) | (PHILLIPS/SHIRLEY) |
| RENEE DIRR, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendants' Joint Motion for Bill of Particulars [Doc. 53], filed on August 29, 2008. The parties appeared before the Court on October 29 and 30, 2008 for a hearing on their pending motions. Assistant United States Attorneys Charles E. Atchley, Jr., and Frank M. Dale, Jr., appeared on behalf of the government. Attorney Alan S. Richey represented Defendant Brett Edward Dirr, who was also present. Defendant Renee Dirr represented herself.

The defendants request a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), enumerating thirty-two items which they believe need to be clarified in order for them to be informed of the nature of the charges against them in the Indictment [Doc. 5]. They argue that the charges as alleged are vague, ambiguous, and uninformative. They contend that the information requested is necessary for them to prepare for and avoid prejudicial surprise at trial and

1

to protect themselves against double jeopardy. The government responds [Doc. 64] that a bill of particulars is improper in this case because the Indictment sufficiently informs the defendants of the charges they face, no risk of unfair surprise at trial exists, the defendants are protected against double jeopardy, and it has already provided the defendants with full discovery in this case.

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

2

*(1) Location*

The defendants request that the Court order the government to particularize the locations where the crimes allegedly occurred by requesting as follows:

> The Indictment at Count One . . . alleges the conspiracy occurred "in the Eastern District of Tennessee and elsewhere."
>
> 1. Identify as found by the Grand Jury the specific locations referred to by the general allegation "elsewhere."
>
> 2. Explain where the Grand Jury understood the "Eastern District of Tennessee" to be.
>
> 3. Identify the specific location(s) found by the Grand Jury where the conspiracy allegedly occurred "in the Eastern District of Tennessee."
>
> [and] . . . .
>
> In Count One [paragraph] 1of the Indictment, the Grand Jury found that Defendants conspired "in the Eastern District of Tennessee and elsewhere." In Count One [paragraph] 2, the Grand Jury found that Defendants were "residents of Blount County, Tennessee." In Count Two through Eleven [paragraph] 2, the Grand Jury found that Defendant Brett Edward Dirr was "a resident of Walland, Tennessee."
>
> 30. Please clarify whether the Grand Jury found that the offenses were committed in the State of Tennessee or in the Eastern District of Tennessee or some other specific location, and where each offense allegedly occurred.

The Sixth Circuit has affirmed the provision of the location of the offense in a bill of particulars. See, e.g., United States v. Sanders, 462 F.2d 122, 123 (6th Cir. 1972) (affirming provision of particular place where possession of unregistered, sawed-off shotgun occurred as well as the city and state). In the present case, the Indictment lists a number of locations at which the crimes allegedly occurred. In addition to those locations quoted by the defendants in their motion and set

3

out above, the Indictment alleges that Mr. Dirr provided certain forms and certificates to his employers Denso Manufacturing Tennessee, Inc.; American Technical Associate, Inc.; Aerotek; Navus Automation, Inc.; and UEC Electronic. It also asserts that the defendants filed a Declaration of State Citizenship in Blount County, Tennessee. Thus, the Court finds that the Indictment gives some fairly specific information regarding the locations at which the crimes are alleged to have occurred. Nevertheless, the Court directs that the government provide a bill of particulars listing all locations that comprise the "and elsewhere" in which the conspiracy in Count One is alleged to have occurred.

With regard to the defendants' remaining location requests, the Court notes that the location of the Eastern District of Tennessee is governed by statute. See 28 U.S.C. § 123(a).[1] Moreover, the defendants are not entitled to the particulars of what the Grand Jury found, beyond what is stated in the Indictment. "It has long been recognized that grand juries require a generous zone of secrecy in order to perform their investigative functions." In re Grand Jury Subpoenas, 454 F.3d 511, 521 (6th Cir. 2006). Accordingly, the government is generally not permitted to disclose matters occurring before the grand jury. Fed. R. Crim. P. 6(e). "A private party seeking disclosure of grand jury material pursuant to Fed. R. Crim. P. 6(e)(3)(C)(i) has the burden of showing a compelling necessity for that material–that is, (a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly

---

[1] To the extent that the defendants' request that the Court order the government to clarify whether the offenses occurred in the State of Tennessee or the Eastern District of Tennessee is related to their claims that this Court lacks jurisdiction because they are residents of Tennessee and not of a federal zone, the Court notes that it has already ruled in its Report and Recommendation [Doc. 81] that the District Court for the Eastern District of Tennessee does have jurisdiction over this case. The District Court has accepted [Doc. 91] that Report and Recommendation in whole.

4

tailored to provide only material so needed." Federal Deposit Ins. Corp. v. Ernst & Whinney, 921 F.2d 83, 86 (6th Cir. 1990). The present defendants make no showing of compelling necessity with regard to the location in which the crimes allegedly occurred or any other matter for which disclosure of Grand Jury findings is sought.

*(2) Unindicted Coconspirators*

The defendants also ask the Court to order the government to disclose the identity of "other individuals, both known and unknown to the Grand Jury[,]" with whom the defendants are alleged to have conspired in Count 1. The Supreme Court has recognized that "it is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial." Will v. United States, 389 U.S. 90, 99 (1967). The Sixth Circuit has adopted a much more restrictive view and held that the government is not required to furnish the names of co-conspirators or other persons present when the defendant allegedly participated in the conspiracy. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991); see also United States v. Ferguson, 460 F. Supp. 1, 5 (E.D. Tenn. 1977) (noting the departure of that court and recent case law from the Supreme Court's liberal construction in Will). In this respect,

> [a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the

5

> 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

Rey, 923 F.2d at 1222 (citations omitted) (quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir. 1983), cert. denied, 466 U.S. 970 (1984) (quoting United States v. Davis, 679 F.2d 845, 851 (11th Cir.1982))). Thus, the government is not required to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

Moreover, the Court notes that the Indictment contains specific allegations of overt acts in which the defendants allegedly participated in furtherance of the conspiracy. In its response [Doc. 64], the government contends that it has provided the defendants with voluminous discovery, including audiotapes of recorded conversations. This discovery along with the allegations in the indictment should permit the defendants to know at least some of the other persons with whom the government believes they have conspired. Thus, the Court finds that the denial of a bill of particulars regarding the names of unindicted conspirators will not cause the defendants to be surprised at trial.

*(3) Elements of the Crimes*

The defendants request a bill of particulars identifying with specificity all the elements of the crimes that the Grand Jury charged were committed in Counts 1 through 11. Specifically, they ask that the government be ordered to identify "the Grand Jury's definition of 'willfully' as used in the different counts." At the October 29, 2008 hearing, counsel for Mr. Dirr elaborated that the Indictment only alleges the term "willful," while the Supreme Court in Cheek

6

v. U.S., 498 U.S. 192, 201 (1991), identified three components of willfulness. "Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Id. The defendants seek to have the government particularize each of these–that the law imposed a duty upon them, that they knew of the duty, and that they voluntarily and intentionally violated that duty. The defendants also called for the dismissal of the Indictment because the government did not set forth these components of willfulness in the charges against them. This Court held [Doc. 81] that the individual components of willfulness do not have to be set out in the indictment, but, instead, the government will have to prove these components at trial. The Court finds that by requesting the components of willfulness in a bill of particulars, the defendants are essentially seeking to learn the government's evidence and trial theories. They are not entitled to the disclosure of such information in a bill of particulars. Salisbury, 983 F.2d at 1375.

With regard to the request that the government particularize all of the elements of the eleven counts, the Court finds that the indictment provides a concise statement of the elements of each of the offenses along with sufficient facts that the defendants are able to know the charges against which they must defend. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Landham, 251 F.3d 1072, 1079 (6th Cir. 2001). The defendants' request for particularization of the elements of all of the charges is denied.

*(4) Nature of Offenses*

The defendants request that the Court order the government to disclose the type of conspiracy alleged in Count 1 and whether the Indictment is alleging evasion of assessment or

7

evasion of payment in Counts 2 through 6. The government has stated in its pleadings [Doc. 63] and the Court has already found [Doc. 81] as a matter of law that Count 1 alleges a conspiracy to defraud the United States.

Moreover, with regard to the type of tax evasion alleged in Counts 2-6, the government stated at the October 29, 2008 hearing that it was alleging both an evasion of assessment and an evasion of payment in each of these counts. AUSA Dale argued that the indictment alleges an evasion of assessment by stating that Mr. Dirr failed to file tax returns and filed false W-4 forms. He stated that the indictment also charges Mr. Dirr with evading payment by failing to pay income taxes and by placing assets beyond the reach of the IRS. In analyzing the motion to dismiss the indictment, this Court found [Doc. 81] that the defendants were not prejudiced by the indictment's failure to specify whether the government was proceeding on an evasion of assessment theory or an evasion of payment theory because the elements for both were the same: "The proper allegation of the elements of [section] 7201 should give the defendant[s] notice of the charges without the government specifying whether it is proceeding on an assessment theory, a payment theory, or both." [Doc. 81] The government has stated that it is alleging both. The Court finds that no further particularization is necessary.

*(5) Laws or Legal Terminology*

The defendants ask the Court to order the government to provide a bill of particulars with regard to certain laws and legal terminology mentioned in the indictment. They ask for particularization of the laws referred to in Count 1's reference to "lawful Government functions," as well as the law that grants the IRS authority to carry out such functions, and the law that requires

8

the filing of an "income tax return." With regard to Counts 2-6, the defendants ask that the government identify the law that permits the government to determine the defendant "received taxable income," the law obligating the defendants to pay a tax on this income, the law used to determine the amount of taxes owed, the laws that make the failure to file an income tax return an element of 26 U.S.C. § 7201, and the law that requires the making of an income tax return by April 15th or 17th. As to Counts 7 through 11, the defendants request particularization of the law in Title 26 requiring Mr. Dirr to make an income tax return by April 15th or 17th. The defendants ask that the government specify the requirements or meaning of the terms "nominee" (Count 1), "conceal" (Count 1), "income" (Count 1), and "due and owing" (Counts 2-6).

At the October 29, 2008 hearing, the government disclosed that the general requirement that an individual file a tax return is found in 26 U.S.C. § 6011 and that the provision requiring an individual to pay income taxes is found in 26 U.S.C. § 6151. Otherwise, the government argued that the defendants were not entitled to particularization beyond that provided in the indictment.

The Court finds that the lawful government functions that the defendants are charged with "impeding, impairing, obstructing, and defeating" are apparent from the face of the indictment, that is the IRS's "ascertainment, computation, assessment, and collection of" Mr. Dirrs income taxes. The government has identified the laws requiring the filing of tax returns and income taxes. With regard to the remaining requests, the Court finds that they are either apparent from the allegations in the indictment or easily discoverable through the defendants' own legal research. The defendants' requests for additional particularization of laws and legal terms are denied.

*(6) Facts and Forms*

The defendants request particularization of the facts that show the following allegations in the indictment:

With regard to Count 1,

(1) how the defendants allegedly impeded, impaired, obstructed, or defeated the IRS,

(2) how the IRS assesses, computes, or collects revenue,

(3) how the IRS is an agency within the United States Department of Treasury, and

(4) how the failure to file income tax returns constituted overt acts of conspiracy;

with regard to Counts 2 through 6,

(5) how Mr. Dirr "well-knowing and believing" had "received taxable income" and owed income tax to the United States,

(6) the method by which the amounts alleged were found to be owed to the United States,

(7) whether the IRS performed an assessment,

(8) how Mr. Dirr failed to make an income tax return,

(9) whether the defendants were aware of the law that required them to make an income tax return by April 15th or 17th, and

(10) who was a "proper officer of the Internal Revenue Service" to whom Mr. Dirr allegedly failed to make an income tax return; and

with regard to Counts 7 through 11,

(11) whether Mr. Dirr was aware of the law that required him to make an income tax return by April 15th or 17th.

The defendants also ask that the Court order the government to disclose the form numbers and all

attachments corresponding to the "income tax return" that the defendants were allegedly required to file in all eleven counts.

The government responds generally that the information requested by the defendants is not legally required to be present in an indictment, is commonly known or understood, or is irrelevant to the present Indictment. Moreover, it contends that full discovery, which has been provided in this case, obviates the need for a bill of particulars. At the October 29, 2008 hearing, AUSA Dale stated that the tax amount set forth in the indictment was "based upon a known approximate amount of earnings[.]" He maintained that the defendants' request for facts as well as the specific tax forms that they allegedly were required to file was merely an attempt to use the bill of particulars as a vehicle for additional discovery.

Despite the defendants' assertion that the Indictment is conclusory and does not allege the specific facts that comprise the elements of the offenses, the Court notes that the fourteen-page Indictment alleges four "means" by which the defendants carried out the conspiracy and twenty-two overt acts committed in furtherance of the conspiracy. Counts 2 through 6 each allege the amount of taxable income Mr. Dirr received during a specific year, the amount of income taxes owed on that income, and that he attempted to evade the tax by failing to file an income tax return, by failing to pay the tax, by filing false W-4 forms, and by concealing assets. Counts 7 through 11 allege that Mr. Dirr received a certain specified gross income during a given year and that he failed to make an income tax return on that income. After carefully reviewing each of the defendant's requests, the Court finds that the indictment is sufficiently particular to permit the defendants to know the charges against them, to prevent the risk of unfair surprise at trial, and to protect the defendants against a double jeopardy violation in the future. Moreover, through extensive hearings

11

relating to the execution of the search warrants in this case, the Court has reviewed a good portion of the discovery and finds that the defendants are or should be aware of the government's evidence and theories in this case.

*(7) Identity of Grand Jury Foreperson*

Finally, the defendants ask that the Court order the government to disclose the identity of the grand jury foreperson who signed the indictment. The original Indictment in this case was signed by the prosecutor and the grand jury foreperson and is retained under seal in the Clerk's office. "[P]ursuant to the Judicial Conference of the United States and the E-Government Act of 2002, documents containing identifying information about jurors or potential jurors are not included in the public case file." United States v. Reed, No. 05-5226, 2006 WL 3441532, at *3 (10th Cir. 2006) (holding that the fact that grand jury foreperson's signature did not appear on the indictment in the public case file did not require dismissal of the indictment); see also Fed. R. Crim. P. 49.1 advisory committee's note. The Court takes judicial notice of the fact that the original indictment in this case is signed by the grand jury foreperson.

The defendants have provided no argument or explanation regarding their need to know the name of the grand jury foreperson. The Supreme Court has observed that

> the responsibilities of a federal grand jury foreman are essentially clerical in nature administering oaths, maintaining records, and signing indictments. The secrecy imperative in grand jury proceedings demands that someone "mind the store," just as a secretary or clerk would keep records of other sorts of proceedings. But the ministerial trappings of the post carry with them no special powers or duties that meaningfully affect the rights of persons that the grand jury charges with a crime, beyond those possessed by every member of that body. The foreman has no authority apart from that of the grand jury as a whole to act in a manner that determines or

12

> influences whether an individual is to be prosecuted. Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment.

Hobby v. U.S., 468 U.S. 339, 344-45 (1984). Accordingly, the Court finds that the identity of the grand jury foreperson does not serve to clarify the charges against the defendants, prevent surprise at trial, or protect against a double jeopardy violation. The defendants' request that the government disclose the name of the grand jury foreperson in a bill of particulars is denied.

## CONCLUSION

With the exception of the locations of "and elsewhere" in Count One, the Court finds that the indictment is sufficiently detailed to give the defendants notice of the charges they are facing, to prevent unfair surprise at trial, and to prevent the defendants from twice being placed in jeopardy for these offenses. Accordingly, the Defendants' Joint Motion for Bill of Particulars [**Doc. 53**] is **GRANTED in part** in that the government is ordered to provide a Bill of Particulars disclosing the locations of "and elsewhere" alleged in Count One and is **DENIED** in all other respects.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge