IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-42 |
| | ) | |
| BRETT EDWARD DIRR, and | ) | (PHILLIPS/SHIRLEY) |
| RENEE DIRR, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Renee Dirr's Motion to Dismiss for Lack of Venue [Doc. 113], filed on April 28, 2009. Defendant Brett Edward Dirr gave notice [Doc. 114] that he joined in this motion on May 1, 2009. On May 15, 2009, the government moved [Doc. 115] to strike the Motion to Dismiss for Lack of Venue as untimely. On May 22, 2009, Mrs. Dirr filed a response [Doc. 116] opposing the Motion to Strike.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires that "a motion alleging a defect in the indictment," other than motions that the indictment does not invoke the court's jurisdiction or state an offense, must be alleged pretrial. Rule 12 gives the Court the authority to set a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). The Court may grant relief

1

from such a waiver for good cause shown.  Fed. R. Crim. P. 12(e).

In the present case, the Court's Order on Discovery and Scheduling [Doc. 13] set the initial motion-filing deadline for May 19, 2008.  At this time, the defendants had elected and were permitted to represent themselves.  Subsequent to the expiration of this deadline, the defendants moved [Doc. 30] for the appearance of counsel *pro hac vice*, but the Court denied [Doc. 37] the request, finding that the attorney in question did not meet the conditions for admission in this district.  Mr. Dirr subsequently retained his present counsel to represent him, and the Court again permitted [Doc. 48] Mrs. Dirr to proceed *pro se*.  The Court set [Doc. 48] a new motion deadline of August 29, 2008, for Mr. Dirr's counsel to respond to the government's pending motions and to file any motions on Mr. Dirr's behalf.  Mrs. Dirr then filed three motions to dismiss the indictment (two of which were within the August 29 deadline) and joined in a motion to dismiss the indictment filed timely by Mr. Dirr's counsel.  On November 26, 2008, the Court filed a twenty-three-page Report and Recommendation [Doc. 81], finding the District Court for the Eastern District of Tennessee has jurisdiction over this case and recommending denial of the motions to dismiss the indictment.  On January 9, 2009, the District Court accepted [Doc. 91] the Report and Recommendation in whole and denied the motions to dismiss.

Unquestionably, the defendants' Motion to Dismiss for Lack of Venue was filed months after either motion-filing deadline and well after the resolution of the other motions to dismiss.  The defendants argue that the Court lacks jurisdiction because of improper venue, and Mrs. Dirr contends [Doc. 116] that because her motion asserts the lack of jurisdiction, it can be raised at any time.  "Challenges to venue . . . are waived if the defect is apparent on the face of the information or indictment and is not raised by a *timely* pretrial motion."  1A Charles Alan Wright

2

and Andrew D. Leipold, Federal Practice and Procedure § 193 (4th ed. 2008) (emphasis added). In other words, motions alleging improper venue are not among those motions listed in Rule 12(b)(3)(B) that can be raised at any time during the pendency of the case.

The Sixth Circuit has observed that "objections to defects in venue are usually waived if not asserted before trial[.]" United States v. Grenoble, 413 U.S. 569, 573 (6th Cir. 2005). An exception to this general rule occurs when the defect in venue is only revealed by evidence or the lack thereof regarding venue at trial. See id. In the present case, the defendants are raising a legal argument that venue does not exist in the Eastern District of Tennessee because, they contend, that during the years relevant to the indictment, Congress abolished the internal revenue districts in which persons were required to file income tax returns. The Court finds, and Mrs. Dirr agrees in her response,[1] that such allegation is not dependent upon the evidence at trial. Moreover, the defendants have not requested leave to file this motion out of time or given any reason, much less good cause, explaining why they could not have filed this motion before the August 29 motion-filing deadline along with the other motions to dismiss the indictment.

The Court notes in passing that the defendants' motion also appears to be without substantive merit.[2] The Constitution provides that a defendant has a right to be tried where the crime was allegedly committed. U.S. Const. art. III, § 2. This provision is interpreted to mean in the district where the crime is alleged to have occurred, unless a statute or rule directs otherwise. See Fed. R. Crim. P. 18. Cases in which the crime was allegedly committed in more than one district

---

[1]In her response [Doc. 116], Mrs. Dirr asserts that "this motion needs no fact finding and is purely a question of law[.]"

[2]The Court notes that the government has requested the opportunity to file a response to the defendants' substantive argument, if the Court finds the motion to dismiss to be timely.

3

"may be prosecuted in any district in which such offense was begun, continued, or completed." 18

U.S.C. § 3237(a). "[V]enue is proper in conspiracy prosecutions in any district where the conspiracy

was formed or in any district where an overt act in furtherance of the conspiracy was performed."

United States v. Scaife, 749 F.2d 338, 346 (6th Cir. 1984). In the present case, the Indictment [Doc.

5] alleges that the defendants are residents of Blount County, Tennessee, and that certain acts

occurred in this district, namely the filing of a Declaration of State Citizenship in Blount County,

Tennessee, and the filing of affidavits regarding the defendants' citizenship with local officials.

With regard to the failure to file tax returns, the Sixth Circuit has applied the general

rule that "the omission of a legally required act occurs where the act was required to be performed."

United States v. Bugai, No. 97-1280, 1998 WL 553168, at *2 (6th Cir. Aug. 21, 1998) (affirming

conviction for failure to file income tax returns in violation of 26 U.S.C. § 7203).

Specifically,

> [t]he Internal Revenue Code requires personal returns to be filed in
> the district of one's legal residence, if hand delivered, or at an IRS
> service center for that district, if mailed. See I.R.C. §
> 6091(b)(1)(A)(i) & (ii)(1976); Treas. Reg. § 1.6091-1 to -2; [United
> States v. Clines, 958 F.2d 578, 583 (4th Cir. 1992)] ("The crime of
> failure to file returns is committed in the district or districts where the
> taxpayer is required to file the returns."); United States v. Dawes, 874
> F.2d 746, 750 (10th Cir. 1989) ("Venue is proper in the district of
> taxpayers' residence.").

Id. (holding that because the defendant "lived in the Eastern District of Michigan, venue was proper

there"). In the present case, the defendants live in the Eastern District of Tennessee and, thus, venue

is proper here.

4

Similarly, Congress has provided that persons who are not corporations shall file tax returns (1) "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return, or" (2) "at a service center serving the [aforementioned] internal revenue district[.]"  26 U.S.C. § 6091(b)(1)(A).  The defendants acknowledge this statute but contend that Congress abolished all internal revenue districts during the years 2000 through 2005.  Thus, they assert that because there were no internal revenue districts that existed within the Eastern District of Tennessee (or anywhere), the case could not be brought in this district (or, presumably, anywhere).  In support of this theory, they cite to a notice of proposed IRS regulations, which states that the references to "IRS district director or service center director" are being removed from other IRS regulations because those positions have been eliminated in a reorganization that the IRS conducted pursuant to the IRS Reform and Restructuring Act of 1998.  This citation neither trumps the statute nor supports the defendants' assertion that the internal revenue districts have been abolished.  Thus, if the Court were to reach the merits of the defendants' motion, the Court would find that venue properly lies in the Eastern District of Tennessee.

Accordingly, the Court finds that the United States' Motion to Strike as Untimely Renee Dirr's Motion to Dismiss for Lack of Venue [Doc. 115] should be granted.  The Court also recommends that the defendants' Motion to Dismiss for Lack of Venue [Doc. 113] be denied as untimely pursuant to Rule 12(b)(3) and (e) of the Federal Rules of Criminal Procedure.

**CONCLUSION**

For the reasons set forth herein, the Court **RECOMMENDS** that defendants' Motion to Dismiss for Lack of Venue [**Doc. 113**] be **denied as untimely** and that the United States Motion to Strike as Untimely Renee Dirr's Motion to Dismiss for Lack of Venue [**Doc. 115**] be **granted**.[3]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).