IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-42 |
| | ) | |
| BRETT EDWARD DIRR and | ) | (PHILLIPS/SHIRLEY) |
| RENEE DIRR, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Renee Dirr's Motion to Compel Response to Motions [Doc. 118], filed on July 8, 2009, and Defendant Brett Dirr's Notice of Joinder of Motion to Compel Response to Motions [Doc. 119], filed on July 20, 2009. In her motion to compel, Mrs. Dirr contends that the Court needs to rule upon four outstanding motions before the August 25, 2009 trial date:

> (1) United States' Motion *In Limine* Regarding Defendants' Presentation of Legal "Evidence" and Argument to Jury and Supporting Memorandum [Doc. 21], filed May 19, 2008;
>
> (2) the Defendants' Joint Motion for Bill of Particulars [Doc. 53], filed on August 29, 2008;
>
> (3) the Defendants' Joint Motion to Suppress & Motion to Compel the Return of Defendants' Documents [Doc. 55], filed on August 29, 2008; and
>
> (4) Mrs. Dirr's Motion to Dismiss for Lack of Venue [Doc. 113], filed on April 28, 2009, and joined [Doc. 114] by Mr. Dirr on May 1, 2009.

1

Mrs. Dirr contends that rulings on these motions are critical for her trial preparation and that she wishes to reserve the full amount of time to which she would be entitled for filing objections to this Court's rulings.

Mr. Dirr [Doc. 119] gives notice that he joins in Mrs. Dirr's motion to compel rulings from this Court on the above listed motions.[1] He asks that "the current trial date be stricken" to allow the parties time to prepare for trial, noting that the defendants "cannot prepare for trial until these motions are finally decided."

### Motions for a Bill of Particulars and to Dismiss for Lack of Venue

The Court begins by noting that as of the time of this order, it has already ruled [Doc. 122] upon the defendants' request for a bill of particulars, granting particulars as to the locations constituting "and elsewhere" in the indictment and denying the motion in all other respects. The government filed the Bill of Particulars [Doc. 125] on July 31, 2009, and Mr. Dirr filed objections [Doc. 126] to this Court's Order on August 4, 2009. These objections are presently pending before the District Court.

The Court also entered a Report and Recommendation [Doc. 123] on July 24, 2009, on the defendants' Motion to Dismiss for Lack of Venue. The Court therein recommended that the motion be denied as untimely filed. Mr. Dirr filed objections [Doc. 127] to this Report on August 6, 2009. These objections are also pending before the District Court.

---

[1]Mr. Dirr also adds Mrs. Dirr's Motion for Recusal of Judge Phillips [Doc. 120], filed on July 17, 2009, to the list of outstanding motions. Mr. Dirr joined [Doc. 121] in this motion on July 21, 2009. The Court notes that due to the subject matter of this motion, it is not pending before the undersigned but, instead, is a matter for the District Court to address.

2

Accordingly, the defendants' motion to compel [Docs. 118 and 119] the Court to issue rulings on the Defendants' Joint Motion for Bill of Particulars [Doc. 53] and Motion to Dismiss for Lack of Venue [Doc. 113] are **DENIED** in part **as moot**.

**Motion *in Limine* and Motion to Suppress**

The Court continues in its preparation of rulings on the government's Motion *in Limine* [Doc. 21] and the defendants' Motion to Suppress [Doc. 55]. With regard to these motions, a review of the procedural history of this case serves to illuminate the challenges associated with ruling on these filings.

On April 14, 2008, the defendants made an initial appearance before the undersigned on on eleven-count Indictment [Doc. 5], charging both defendants with conspiracy to defraud the United States and Mr. Dirr with five counts of tax evasion and five counts of failure to file income tax returns. The defendants were arraigned on April 21, 2008, at which time they elected and were permitted to represent themselves. The Court's Order on Discovery and Scheduling [Doc. 13], entered that same day, set the initial motion-filing deadline for May 19, 2008. The government filed a Motion *in Limine* Regarding Defendants' Presentation of Legal "Evidence" and Argument to Jury and Supporting Memorandum [Doc. 21] on May 19, 2008.

Subsequent to the expiration of the motion-filing deadline, the defendants moved [Doc. 30] for the appearance of counsel *pro hac vice*, but the Court denied [Doc. 37] the request, finding that the attorney in question did not meet the conditions for admission in this district. Mr. Dirr subsequently retained his present counsel to represent him, and the Court again permitted [Doc. 48] Mrs. Dirr to proceed *pro se*. The Court set [Doc. 48] a new motion deadline of August 29, 2008, for Mr. Dirr's counsel to respond to the government's pending motions and to file any motions on

3

Mr. Dirr's behalf. The defendants filed their Joint Motion to Suppress and & Motion to Compel the Return of Defendants' Documents [Doc. 55] on August 29, 2008, along with five other motions, which have now been resolved.

The parties appeared before the Court on October 29 and 30, 2008, for hearings on the then pending motions. Assistant United States Attorneys Charles E. Atchley, Jr, and Frank M. Dale, Jr., appeared on behalf of the government. Attorney Alan S. Richey represented Mr. Dirr, who was also present. Mrs. Dirr represented herself. Following argument on the defendants' motion to suppress [Doc. 55], the parties agreed to meet on November 6, 2008 for the return of documents seized from the defendants' home that were not relevant to the case. The Court held the suppression motion in abeyance, pending the parties' resolution of all or part of the issues.

On November 25, 2008, the Court received a copy of a November 22, 2008 letter from Mrs. Dirr that she had written to AUSA Dale, describing perceived problems with the return of documents. The Court ordered [Doc. 80] that the parties appear on December 22, 2008, for a status conference and supplemental motion hearing on the suppression motion and on the treatment of that motion and Mrs. Dirr's November 22, 2008 letter as a motion for relief under Rule 41(g) of the Federal Rules of Criminal Procedure. Prior to the hearing, the government filed a response [Doc. 82] to Mrs. Dirr's letter, relating that documents that the government did not need for the trial of this matter would be available for the defendants to pick up by December 15, 2008.

On December 22, the parties appeared for the status conference and supplemental motion hearing. AUSA Atchley and AUSA Dale represented the government. Attorney Richey represented Mr. Dirr and appeared by telephone. Both Mr. and Mrs. Dirr, who again represented herself, were present. The government returned three boxes of items seized in the August 10, 2005 search of the Dirrs' house and the August 16, 2005 search of Mr. Dirr's hotel room. Mrs. Dirr

4

objected to the government's failure to return the items in seven or eight other boxes, arguing that they were not within the scope of the warrants. After listening to the parties' positions on a number of folders and books, the Court determined that the issues could not be resolved without a full evidentiary hearing. The Court ordered [Doc. 87] the parties to submit supplemental filings in which the government was to list the documents that remained in dispute and relate whether those documents were seized pursuant to the search warrants or the plain view doctrine. The government filed its Notice of Compliance with Order Regarding Seized Items [Doc. 92] on January 12, 2009. The defendants filed responses [Docs. 94 and 95] to this notice on January 20 and 21, 2009.

On January 22, 2009, the Court held an evidentiary hearing on the suppression motion and the related issues surrounding the return of documents. AUSA Atchley and AUSA Dale represented the government. Attorney Richey appeared with Mr. Dirr, and Mrs. Dirr appeared *pro se*. The government presented the testimony of Internal Revenue Service Agent Brian Groves, who related the facts surrounding the seizure of thirty-nine contested items. Following the parties' arguments, the Court requested supplemental briefs on the validity of the South Carolina search warrant, issues relating to the particularity requirement, and issues relating to the seizure of items pursuant to the plain view doctrine. The government [Doc. 98], Mr. Dirr [Doc. 99], and Mrs. Dirr [Doc. 100] filed their supplemental briefs on February 13, 2009. On March 19, the parties appeared for a hearing on the defendants' motion to continue the trial. At that time, the Court permitted the parties to file reply briefs to the supplemental briefs. The government [Doc. 108], Mr. Dirr [Doc. 109], and Mrs. Dirr [Doc. 110] filed supplemental reply briefs on April 6. 2009. On April 8, 2009, Mr. Dirr filed a Notice of Joinder of Renee Dirr's Opposition to U.S.'s Position [Doc. 111]. The following day, Mrs. Dirr filed a Notice of Joinder to Defendants' Response to U.S.'s Supplemental Brief After the Suppression Hearing [Doc. 112]. The Court took the motion and all of the briefs,

testimony, and arguments relative to the suppression motion [Doc. 55] under advisement on April 10, 2009.

Since that time, the parties have continued to file motions and responses nearly every week to ten days, including the following: Motion to Dismiss for Lack of Venue [Doc. 113], filed by Mrs. Dirr on April 28, 2009; Notice of Joinder of Renee Dirr's Motion to Dismiss for Lack of Venue [Doc. 114], filed by Mr. Dirr on May 1, 2009; United States' Motion to Strike as Untimely Renee Dirr's Motion to Dismiss for Lack of Venue [Doc. 115], filed on May 15, 2009; Response in Opposition to United States' Motion to Strike [Doc. 116], filed by Mrs. Dirr on May 22, 2009; Motion to Compel Response to Motions [Doc. 118], filed by Mrs. Dirr on July 8, 2009; Motion for Recusal of Judge Phillips [Doc. 120], filed by Mrs. Dirr on July 17, 2009; Notice of Joinder of Motion to Compel Response to Motions [Doc. 119], filed by Mr. Dirr on July 20, 2009; Notice of Joinder of Motion for Recusal [Doc. 121], filed by Mr. Dirr on July 21, 2009; United States Opposition to Motion for Recusal [Doc. 124] filed on July 31, 2009; Mr. Dirr's Reply for Recusal [Doc. 128], filed on August 6, 2009; and Mrs. Dirr's Notice of Joinder of Defendants' Reply for Recusal [Doc. 129], filed on August 7, 2009.

The Court finds that the history of this case, including the defendants' sustained effort to raise factual and legal questions–some of which can certainly be characterized as novel– well beyond the motion-filing deadline, makes it unreasonable to expect the completion of pretrial proceedings and the adequate preparation for trial within the time perimeters given in a typical case. See 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds Mr. Dirr's request [Doc. 119] for the August 25, 2009 trial date to be stricken to be well-taken and that the ends of justice served by continuing the trial date outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The parties are entitled to rulings on their suppression issues and the pending motion

6

*in limine* before trial. The defendants have also stated that they wish to have time to file objections to the recommendations and rulings of the undersigned on these matters. To require the parties to proceed to trial on August 25, 2009, without resolution of these issues would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Moreover, the Court finds that the failure to move the present trial date would deprive the parties of adequate time to prepare for trial. Once the Court completes its report and recommendation on the suppression issues, the parties will need time to file objections to the report and the District Court will need time to rule upon the suppression motion in light of the report and recommendation and any objections. The parties will then need time to prepare for trial in light of any such rulings. The Court finds that all of this cannot take place before the August 25, 2009 trial date or in less than approximately six months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

As Mr. Dirr has joined in and elaborated upon Mrs. Dirr's Motion to Compel, it is not entirely clear that Mrs. Dirr is also requesting that the August 25, 2009 trial date be stricken. Nevertheless, excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(7):

Case 3:08-cr-00042-TAV-CCS   Document 130   Filed 08/14/09   Page 7 of 9   PageID #: 2279

>     The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Mrs. Dirr stands indicted [Doc. 5] with Mr. Dirr, and no motion for severance has been filed. Accordingly, time excludable as to Mr. Dirr is presently also excludable as to Mrs. Dirr as long as it is reasonable. See 18 U.S.C. § 3161(h)(6); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court has already found that a continuance of the August 25, 2009 trial date was necessary to give the parties time to prepare for trial after receiving rulings on pending motions. The Court finds that the six-month delay in trial is reasonable given the history of the case, the fact that both defendants have continued to file motions, and the fact that Mrs. Dirr remains unrepresented.

Accordingly, Mr. Dirr's request that the August 25, 2009 trial date in his Notice of Joinder of Motion to Compel Response to Motions [**Doc. 119**], which has been filed as a motion, is **GRANTED**. The trial of this matter is reset to **February 17, 2010**. The Court also finds that all the time between the filing of the aforementioned Notice on **July 20, 2009**, and the trial date of **February 17, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B).

8

Finally, with respect to the parties' request that the Court rule upon the pending motions, the Court will continue to work diligently and expeditiously toward that end, as it has to date.

Accordingly, it is **ORDERED**:

(1) Mrs. Dirr's Motion to Compel Response to Motions [**Doc. 118**], and Defendant Brett Dirr's Notice of Joinder of Motion to Compel Response to Motions [**Doc. 119**], are **GRANTED in part** and **DENIED as moot in part** as set forth herein. Specifically, Mr. Dirr's request that the August 25, 2009 trial date be stricken is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 17, 2010**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge; and

(3) All time between the filing of Mr. Dirr's Notice of Joinder of Motion to Compel Response to Motions, which was filed as a motion on **July 20, 2009**, and the new trial date of **February 17, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge