UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-42 |
| | ) | (Phillips) |
| BRETT EDWARD DIRR and | ) | |
| RENEE DIRR | ) | |

### MEMORANDUM AND ORDER

The defendants are charged with conspiracy to defraud the government by obstructing the collection of taxes from 2000 to 2008. Brett Dirr is also charged with five counts of tax evasion from 2001 to 2005 and five counts of failure to make an income tax returns from 2001 to 2005.

On August 10, 2005, IRS Agent Brian Groves and other IRS agents executed a search warrant at the defendants' residence in Walland, Tennessee. As a result of the search, the agents seized numerous boxes of documents, books, recorded media (cassettes, CD's, etc.), and other items. On August 16, 2005, Agent Groves executed a search warrant for Brett Dirr's Charleston, South Carolina hotel room. Agents seized approximately one box of items during this search. The defendants moved to suppress all evidence seized in the August 10, 2005 search of their home in Walland, Tennessee, and the August 16, 2005 search of Brett Dirr's hotel room in Charleston, South Carolina.

Defendants also asked the court to compel the return of all the documents seized pursuant to these two search warrants.

On August 28, 2009, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 97-page Report and Recommendation (R&R) [Doc. 134] in which he recommended that defendants' joint motion to suppress and motion to compel the return of documents [Doc. 55] be granted in part in that (1) a September 16, 2003 printout of an internet article entitled "IRS and States Announce Partnership to Target Abusive Tax Avoidance Transactions," (2) excerpts from the "Master File Decoder" by Christopher M. Hansen, (3) a folder labeled "Cong. John Duncan," (4) a folder labeled "Wallace Institute," (5) two volumes of the Organic Sovereign American Freeman Compendium, and (6) an unlabeled folder containing business cards and correspondence with David Miner should be suppressed. Magistrate Judge Shirley recommended that the defendants' joint motion to suppress be denied in all other respects.

This matter is presently before the court on defendants' timely objections to the R&R [Docs. 137, 138]. The government has filed a response in opposition to defendants' objections. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendants object. For the reasons that follow, the court finds itself in agreement with Magistrate Judge Shirley's thorough analysis of the legal issues arising from the suppression hearings conducted by him on October 29 and 30, 2008, December 22, 2008, and January 22, 2009. Consequently, defendants' objections will be overruled, the R&R will be accepted in whole,

and the underlying motion to suppress and motion to compel return of documents will be granted in part and denied in part as recommended by Magistrate Judge Shirley.

**Defendants' Objections to the R&R**

1.      **Timeliness of the Report and Recommendation**

The defendants object to the R&R, stating that it is untimely. The record shows that although defendants filed their motions to suppress on August 29, 2008, the motions did not become ripe for decision until April 10, 2009, after the parties had presented testimony at three hearings and supplemented the record. The court agrees with the magistrate judge that the time until the R&R was issued was necessary for a complete and accurate consideration of the numerous issues raised in the defendants' motion to suppress. Magistrate Judge Shirley conducted a painstakingly, thorough review of an unusually large number of documents seized pursuant to two search warrants. This case has been found to be complex for speedy trial purposes based on the history of the case, requiring additional time to address the issues raised in defendants' motion to suppress and supplemental filings [Docs. 55, 94, 95, 99, 100, 109, 110]. Therefore, the court finds that the time taken by Magistrate Judge Shirley to render the R&R was both necessary and proper under the facts of this case. Accordingly, defendants' objection is **OVERRULED.**

2. **Items Seized under the Search Warrants**

Defendants contend that the two search warrants were general warrants that lacked particularity. Defendants argue that the search warrants were too vague and ambiguous, allowing the agents unfettered discretion in taking whatever they wanted. Defendants also argue that the two search warrants were not properly executed, making it a general search. Specifically, defendants object to the seizure of (1) a blue binder, (2) birth certificates, (3) blue binder/Freedom of Information Act requests, (4) blank checks, (5) 2001 tax statement, (6) floppy disks, CD, DVD, and (7) file folder – "Tax Answers Workbook."

The undersigned has reviewed the record and the parties' pleadings, and concurs with the magistrate judge's findings that the Tennessee search warrant, as well as the South Carolina search warrant were properly issued and executed by the agents. The "blue binder" contained affidavits that the defendants had filed with the IRS proclaiming themselves freeborn citizens without tax liability. The undersigned concurs with the magistrate judge's finding that the binder was properly seized under the Tennessee search warrant because it contained personal financial records relating to defendants' payment of or failure to pay taxes. Next, defendants object to the seizure of their birth certificates which the record showed were filed as UCC financial statements to prevent the collection of taxes. The undersigned concurs with the magistrate judge's finding that the birth certificates were properly seized as personal financial records under the Tennessee search warrant.

-4-

Case 3:08-cr-00042-TAV-CCS   Document 142   Filed 01/20/10   Page 4 of 13   PageID #: 2525

Defendants also object to the seizure of two blue binders containing correspondence from the IRS in response to the defendants' Freedom of Information Act requests, correspondence regarding Brett Dirr's IRS files, and correspondence with David Minor. The undersigned has reviewed the parties' arguments regarding the blue binders, and finds that these binders were properly seized as the personal financial records of the defendants because they relate to tax liability. Next, defendants object to the seizure of the defendants' checkbook because it may have contained blank checks. The undersigned concurs with the magistrate judge's finding that because the search warrant expressly permitted the seizure of "cancelled and uncancelled checks," the seizure of the entire checkbook was within the scope of the Tennessee search warrant. Defendants also object to the seizure of a 2001 tax statement that had been filed with the IRS. The undersigned concurs with the magistrate judge's finding that this statement is a personal financial document of defendants, the seizure of which was within the scope of the Tennessee search warrant.

Next, defendants object to the seizure of the following electronic storage media from Brett Dirr's hotel room pursuant to the South Carolina search warrant: floppy discs, CD, and DVD. The magistrate judge found four items were properly seized because they contained defendants' financial information: (1) floppy disc with blank label containing a response letter to the IRS, (2) floppy disc labeled "SCU-0110, (3) unlabeled CD-RW containing affidavits, a quit claim deed to the Lotus Group, a completed 2001 tax statement, and information on defendants' payment of $4,000 to Global Prosperity and HTS, (4) unlabeled DVD containing the national free-citizen affidavits filed by defendants

and a document addressed to the IRS rescinding all prior tax statements, and (5) file folder labeled "Tax Answers Workbook." The undersigned concurs with the magistrate judge's finding that these items contain financial information relative to the defendants and the seizure was proper under the search warrants. Accordingly, defendants' objection to the seizure of these items is **OVERRULED**. The remaining items defendants move to suppress will be discussed below under the plain view doctrine.

3.     **Items Seized Under the Plain View Doctrine**

First, the remaining items discussed above, (1) floppy disc with HTS label, (2) floppy disc labeled "HTS – The Ultimate Identity Redemption," and a CD labeled "Tax Answers the IRS doesn't Want You to Know," were properly seized under the plain view doctrine. Because the agents were lawfully in the defendants' residence and in Brett Dirr's hotel room executing valid search warrants, and because the agents had probable cause to associate the remaining items with alleged criminal activity, the undersigned concurs with the magistrate judge's finding that these items were properly seized under the plain view doctrine.

Next, defendants object to additional documents seized by agents which the magistrate judge found were seized under the plain view doctrine: (1) Global tapes, (2) Internal Revenue Code, (3) Cracking the Code, (4) unlabeled folder, (5) black binders, (6) Bill B's package, (7) transaction codes pocket guide, (8) IRS correspondence, (9) handwritten notes, (10) HTS New Info (1/01) folder, and (11) sales tools.

First, the magistrate judge found a nexus existed between the items sought under the search warrant, specifically financial documents showing the concealing of assets, and the Global Prosperity binder, which contained instructions on how to conceal assets for the purpose of tax evasion. The undersigned concurs with the magistrate judge that this item was properly seized.

Next, as to the tabbed copy of the Internal Revenue Code, the magistrate judge found that the agents had probable cause to believe the tabbed Code would be relevant to the charged offenses based on knowledge of defendants' prior filings with the IRS. The undersigned agrees. The same analysis applies to a book titled Redemption in Law: Theory and Practice – "Cracking the Code," as this book constituted evidence relevant to defendants' knowledge and intent to conceal assets, thus, the book was properly seized. The unlabeled file folder contained tax-resister materials from Robert Schulz and David Miner of the We the People Foundation. One document was "Tax Answers the IRS Doesn't Want You to Have," and another document was "Illegal Authority of Income Tax." The agent testified that the authors of these articles are known tax protesters. The undersigned finds that the magistrate judge correctly concluded that these documents were related to the tax crimes under investigation and thus, were properly seized.

Next, defendants object to the seizure of two black binders titled Liberty Redemption Pack and Liberty Action Pack, written by Dana Ewell. Agent Grove testified that these materials contained "go-by's" for much of what the defendants had filed with the IRS, including sham UCC filings. The magistrate judge properly concluded that these

-7-

Case 3:08-cr-00042-TAV-CCS   Document 142   Filed 01/20/10   Page 7 of 13   PageID #: 2528

materials were relevant to defendants' alleged concealment of assets from the IRS, and the undersigned concurs that the materials were properly seized. Defendants also object to the seizure of a box labeled "Bill B.'s Pkg. Part 4 16." Agent Grove testified that he instantly recognized the box and its importance to the investigation based on his knowledge of the Reliance Defense Package and its purpose of defending against a prosecution for tax evasion. The undersigned concurs with the magistrate judge's finding that this evidence is relevant to defendants' personal and business financial records relating to the payment of income taxes, thus, "Bill B's Pkg" was properly seized.

Defendants also object to the seizure of the Internal Revenue Service Transaction Codes Pocket Guide. Agent Groves testified that the Guide contained information on computing taxes and decoding the IMF and that it represented evidence of defendants' knowledge of taxes and the IRS. The undersigned concurs with the magistrate judge's finding that this evidence is relevant to the crimes alleged, and was properly seized. Next, defendants object to the seizure of Brett Dirr's correspondence with the IRS from 2000 to 2001, on the basis that the IRS already possessed the documents. The undersigned concurs with the magistrate judge's finding that because the government agency possessed a copy of the documents does not factor into the plain view analysis. These documents were instantly recognizable to the agents as relevant to the charges against defendants, and were properly seized.

Defendants object to the seizure of handwritten notes on tax evasion from their home. Agent Groves testified that these notes related to a conference with David

Miner, a tax resister, on tax evasion topics and show defendants' willfulness and research of illegal tax evasion schemes. The magistrate judge found that the agent had probable cause to associate the notes with the allegations of tax evasion lodged against defendants. The undersigned concurs, and further finds that the handwritten notes dated September 13, 2004 were properly seized. Defendants also object to the seizure of a folder labeled "HTS New Info (1/01)" which contained a receipt for the HTS package and documents related to fraudulent UCC filings. The undersigned concurs with the magistrate judge's finding that this folder and its contents are relevant to the defendants' concealment of assets and was properly seized.

Defendants object to the seizure of a folder labeled "Sales Tools." The magistrate judge found the folder and its contents were relevant as business financial records relating to the payment of taxes. The undersigned concurs with the magistrate judge's analysis and finds that the folder and its contents were properly seized. Accordingly, defendants' objections to the items seized under the plain view doctrine are hereby **OVERRULED.**

4.  **The Officers Did Not Exceed the Scope of the Search Warrant**

Defendants contend that because documents were seized that neither came under the search warrant nor within the plain view doctrine, the searches were general searches that require suppression of all the evidence seized. The undersigned finds defendants' contention without merit. As the magistrate judge stated, "where the officers

unlawfully seize certain items but do not flagrantly disregard the limits of the warrant by unreasonably searching places not authorized in the warrant, the court must suppress the unlawfully seized items, but 'there is certainly no requirement that lawfully seized evidence be suppressed as well.'" *United States v. Garcia*, 496 F.3d 495, 507 (quoting *Waller v. Georgia*, 467 U.S. 39, 43, n.3 (1984)). Here, the government has returned more than three boxes of items that were not relevant to the case. The magistrate judge found that six (6) items were improperly seized and should be suppressed; however, the magistrate judge also found that the seizure of these six items does not necessitate suppression of all the properly seized evidence, and the undersigned concurs.

Defendants also contend that the Tennessee search warrant was improperly executed because (1) the executing officers did not present Renee Dirr with a copy of the search warrant at the inception of the search, (2) the executing officers did not give Renee Dirr a copy of the supporting affidavit at the time of the search, (3) non-federal law enforcement officers were present during the search, and (4) the executing officer improperly prepared the inventory at the conclusion of the search. The magistrate judge correctly found that neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41 requires the executing officer to present a copy of the search warrant to the property owner before conducting the search. *See United States v. Grubbs*, 547 U.S. 90, 99 (2006). Nor does Rule 41 require the executing officer to give a copy of the affidavit supporting the search warrant to the property owner. *See* Rule 41(d)(2)(B) which provides that an issuing judge "may wholly or partially dispense with a written affidavit and base a warrant on sworn testimony if doing so is reasonable under the circumstances." Further, the magistrate

-10-

correctly found that the presence of local law enforcement officers during the execution of the search warrant was permissible. *See United States v. Lee*, 581 F.2d 1173, 1178 (6th Cir. 1978) (holding that presence of state officer to assist federal agent in executing search warrant did not require suppression of evidence seized). Finally, the magistrate judge correctly found that failure to follow the requirements of Rule 41 pertaining to the inventory of objects seized and a prompt return to the court did not require suppression of evidence seized. *See United States v. Dudek*, 530 F.2d 684, 688 (6th Cir. 1976). Accordingly, defendants' objections are hereby **OVERRULED.**

### 5.     Defendants' Request for Return of Seized Documents

Defendants contend that all of the items seized in the two searches must be returned to them so that they can prepare for trial. Defendants assert that they will be prejudiced unless all documents are returned, copied at government expense, or they are allowed to review them with their attorney in private. The magistrate judge found that the government has a legitimate interest in retention of the defendants' property – the prosecution of the pending charges. Further, the government has provided defendants with numerous opportunities to request the return of certain items, or obtain copies of those items. In addition, the government has offered to allow defendants to review the seized items, and to arrange for the copying of all non-copyrighted materials at the defendants' expense. The undersigned finds that the defendants have failed to demonstrate that they have been prejudiced by the government's retention of the seized documents or that they are entitled to copies of the documents at the government's expense. Accordingly,

-11-

defendants' objection to the magistrate judge's denial of their motion for return of property is hereby **OVERRULED**.

6.     **Renee Dirr's Objection.**

Renee Dirr "calls for a recount of all items, seized on August 10, 2005, not complying with the warrant, until the last individual item is accounted for by this court or until the tally reached 667, with full suppression as the remedy, once it does."

Renee Dirr takes issue with the count of items seized by the government in the August 10, 2005 search. She relies on the Tenth Circuit case of *United States v. Medlin*, 842 F.2d 1194 (10th Cir. 1988) for the proposition that where law enforcement officers grossly exceeded the scope of a search warrant in seizing property, the appropriate remedy is to suppress all evidence seized under that warrant. Defendant's reliance on *Medlin* is misplaced. *Medlin* dealt with execution of a search warrant that permitted only the seizure of firearms. The officers, however, seized 667 items other that firearms that were not identified in the warrant. That is not the case here, as all items seized were either identified in the search warrants or seized pursuant to the plain view doctrine. Moreover, the Sixth Circuit has explicitly held that "infirmity due to overbreadth does not doom the entire warrant, rather, it requires the suppression of evidence seized pursuant to that part of the warrant . . . but does not require the suppression of anything described in the valid portions of the warrant (or lawfully seized – on plain view grounds, for example – during

their execution." *United States v. Greene*, 250 F. 3d 471, 476-77 (6th Cir. 2001). Renee Dirr's objection is hereby **OVERRULED**.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendants' objections to the R&R [Docs. 137, 138] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 20] is **ACCEPTED IN WHOLE**. Accordingly, defendants joint motion to suppress and motion to compel the return of documents [Doc. 55] is granted to the extent that (1) a September 16, 2003 printout of an internet article entitled "IRS and States Announce Partnership to Target Abusive Tax Avoidance Transactions," (2) excerpts from the "Master File Decoder" by Christopher M. Hansen, (3) a folder labeled "Cong. John Duncan," (4) a folder labeled "Wallace Institute," (5) two volumes of the Organic Sovereign American Freeman Compendium, and (6) an unlabeled folder containing business cards and correspondence with David Miner are hereby **SUPPRESSED**. Defendants' joint motion to suppress is hereby **DENIED** in all other respects.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge