UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:08-CR-42-TAV-CCS |
| BRETT EDWARD DIRR and RENEE DIRR, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANUM AND ORDER**

This matter is before the Court on the defendants' *pro se* motion for early termination of supervised release [Doc. 174]. In support of the motion, Defendants state that they were each given three years of supervised release. Brett Dirr has served over two years of his supervised release, and Renee Dirr has served 18 months of her supervised release. *Id.* Defendants state that they have been making prompt monthly restitution payments, paying a total of $35,600.92 toward the ordered restitution, and have never missed a payment. In addition, Defendants state that they complied with all terms of their supervised release. *Id.*

Defendants' supervising officer has informed the Court that Defendants have been compliant with their restitution payments and monthly report forms. In addition, the supervising officer reports that defendants have been courteous and respectful in their communications with him, their residence is stable, Mr. Dirr's employment is stable, and they have incurred no additional arrests. The supervising officer further reports that

Defendants appear to pose a low risk to the community if their supervised release is terminated.

The Government has responded in opposition to the Defendants' motion on the basis that Defendants still owe a substantial amount of restitution. Defendants were ordered to pay $202,786.92 in restitution and their payments to date total $35,600.92. It is the Government's position that early termination of supervised release is inappropriate while such a significant restitution amount remains unpaid [Doc. 176].

Defendants pled guilty to conspiring to defraud the United States by impeding its ability to assess and collect their income taxes in violation of 18 U.S.C. § 371. Defendants were sentenced to five months imprisonment, followed by five months of home confinement, and three years of supervised release [Docs. 157, 158].

Defendants move for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

2

Case 3:08-cr-00042-TAV-CCS   Document 177   Filed 01/08/14   Page 2 of 4   PageID #: 2732

"Early termination of supervised release is a discretional decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior." *United States v. Atkin*, 2002 WL 378076 (6th Cir. Mar. 8, 2002), *citing United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). With respect to the application of § 3583(e), the Sixth Circuit has noted that the phrase "interests of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period. *United States v. Suber*, 2003 WL 22146138 (6th Cir. Sept. 16, 2003).

After carefully considering the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of Defendants' supervised release. In support of this determination, the Court notes that Defendants have been in compliance with the conditions of their supervised release. In addition, Defendants have made prompt monthly payments toward their outstanding restitution obligation, although they have not paid the restitution in full. Defendants have maintained a stable residence and Mr. Dirr's employment is stable. Finally, their supervising officer supports their motion for early termination, noting that Defendants pose a low risk to the community to reoffend. Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied and in light of the lack of any objection by the Probation Office, the Court finds Defendants' motion for early termination of supervised release well taken, and it is hereby **GRANTED**. Defendant Brett Edward Dirr's term of

3

supervised release is **TERMINATED.**  Defendant Renee Dirr's term of supervised release is also **TERMINATED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
